CASE 15-C-202          LOGAN                                    PAGE 0001

JOSHUA GLEN MAYNARD          VS. SOUTHERN COAL CORPORATION


LINE  DATE  ACTION

  1 07/13/15  COMPLAINT FILED AND MAILED COPIES BACK TO ATTORNEY FILED.PC
  2 08/14/15  SUMMONS RETURN ACCEPTED DOR SERVICE OF PROCESS ON 08/10/15,
  3          FILED (MC)

## IN THE CIRCUIT COURT OF LOGAN COUNTY, WEST VIRGINIA

JOSHUA GLENN MAYNARD,

        Plaintiff,

v.                                          Civil Action No.  15-C-202

SOUTHERN COAL CORPORATION,
a foreign corporation,

        Defendant.

### NOTICE OF FILING OF NOTICE OF REMOVAL

PLEASE TAKE NOTICE that the Defendant, Southern Coal Corporation, has filed the attached Notice of Removal with the Clerk of the United States District Court for the Southern District of West Virginia, Charleston Division.

Dated: _____

Respectfully submitted,

SOUTHERN COAL CORPORATION,

By Counsel

_____
John F. Hussell, IV (WV Bar ID #:  6610)
Andrew L. Ellis (WV Bar ID #:  10618)
John D. (Jody) Wooton, Jr. (WV Bar ID #:  10571)
**WOOTON, WOOTON, DAVIS, HUSSELL & ELLIS, PLLC**
105 Capitol Street, Suite 200
Post Office Box 3971
Charleston, West Virginia 25339
(304) 345-0709
Fax:  (304) 345-4607
john.hussell@wwdhe.com
drew.ellis@wwdhe.com
jody.wooton@wwdhe.com
*Counsel for Defendant*

## IN THE CIRCUIT COURT OF LOGAN COUNTY, WEST VIRGINIA

JOSHUA GLENN MAYNARD,

       Plaintiff,

v.                                   Civil Action No.  15-C-202

SOUTHERN COAL CORPORATION,
a foreign corporation,

       Defendant.

### CERTIFICATE OF SERVICE

    I, John F. Hussell, IV, hereby certify that the foregoing **Notice of Filing of Notice of Removal** has been served upon counsel of record by depositing a true and exact copy thereof, via United States mail, postage prepaid, and property addressed on this the 9th day of September, 2015, as follows:

Stephen B. Farmer
Matthew H. Nelson
FARMER CLINE & CAMPBELL, PLLC
453 Suncrest Towne Center Drive, Suite 300
Morgantown, West Virginia 26505
Sbfarmer@fcclaw.net
Mhmnelson@fcclaw.net

                                                John F. Hussell, IV

 **CT Corporation**

**Service of Process Transmittal**
08/14/2015
CT Log Number 527648825

**TO:** Dustin Deane
James C. Justice Companies, Inc.
302 South Jefferson St. Suite 500
Roanoke, VA 24011

**RE:** **Process Served in West Virginia**

**FOR:** Southern Coal Corporation  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Joshua Glenn Maynard, Pltf. vs. Southern Coal Corporation, etc., Dft. |
| **DOCUMENT(S) SERVED:** | Letter, Summons, Information Statement, Complaint, First(s) Set of interrogatories and Request(s) |
| **COURT/AGENCY:** | Logan County Circuit Court, WV
Case # 15C202 |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination - On the basis of disability |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Charleston, WV |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 08/14/2015 postmarked on 08/12/2015 |
| **JURISDICTION SERVED :** | West Virginia |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service of this Summons upon you, exclusive of the day of service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Stephen B. Barmer
FARMER CLINE & CAMPBELL, PLLC
453 Suncrest Towne Centre Dr.
Morgantown, WV 26505
304-225-5990 |
| **REMARKS:** | Documents were served upon the West Virginia Department of Insurance on 8/10/2015 and forwarded to CT Corporation. |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  Fed Ex 2 Day , 781163815553
Image SOP
Email Notification,  Dustin Deane  dustin.deane@justicecorporation.com
Email Notification,  Steve Ball  steve.ball@justicecorporation.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 5400 D Big Tyler Road
Charleston, WV 25313 |
| **TELEPHONE:** | 919-821-7139 |

Page 1 of  1 / AN

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

02 1R          $ 06.93⁰

0002009608      AUG 12  2015

MAILED FROM ZIP CODE 25311

BUSINESS & LICENSING

1610 - 00



Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305

**USPS CERTIFIED MAIL™**



9214 8901 1251 3410 0000 7747 13

SOUTHERN COAL CORPORATION
C. T. Corporation System
5400 D Big Tyler Road
CHARLESTON, WV 25313



**Natalie E. Tennant**
Secretary Of State
State Of West Virginia
**Phone:** 304-558-6000
866-767-8683
**Visit us online:**
www.wvsos.com

**Control Number:** 71410

**Defendant:** SOUTHERN COAL CORPORATION
5400 D Big Tyler Road
CHARLESTON, WV 25313 US

**Agent:** C. T. Corporation System

**County:** Logan

**Civil Action:** 15-C-202

**Certified Number:** 92148901125134100000774713

**Service Date:** 8/10/2015

I am enclosing:

**1 interrogatories, 1 request for production, 1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in the name and on behalf of your corporation.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in the name and on behalf of your corporation as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the Secretary of State's office**.*

Sincerely,

*Natalie E Tennant*

Natalie E. Tennant
Secretary of State

**SUMMONS**

## IN THE CIRCUIT COURT OF LOGAN COUNTY, WEST VIRGINIA

JOSHUA GLENN MAYNARD,

        Plaintiff,

v.                                Civil Action No.: 15 C 202
                                Judge: _____ Pancake

**SOUTHERN COAL CORPORATION,**
a foreign corporation,

        Defendant.

TO:   **Southern Coal Corporation**
       **CT Corporation System**
       **5400 D Big Tyler Road**
       **Charleston, WV 25313**

      IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby Summoned and required

to serve upon **Matthew H. Nelson, Esquire** , Plaintiffs' attorney, whose address is **453 Suncrest Towne**

**Centre Drive, Suite 300, Morgantown, WV 26505** , an answer, including any related counterclaim you may

have, to the **Complaint** filed against you, along with the "**Plaintiff's First Set of Interrogatories and**

**Requests for Production of Documents to Plaintiff**" in the above-styled civil action, a true copy of which

is herewith delivered to you. You are required to serve your answer to the Complaint within thirty (30) days

after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by

default will be taken against you for the relief demanded in the Complaint, and you will be thereafter barred

from asserting in another action any claim you may have which must be asserted by counterclaim in the

above-styled civil action. The attached discovery requests contain the information about when and how your

responses to those requests may be made.

Dated: 7/13/15 _____

                              _____

                              Clerk of Court

                              By: _____

CIVIL CASE INFORMATION STATEMENT
CIVIL CASES

IN THE CIRCUIT COURT OF LOGAN COUNTY, WEST VIRGINIA

I.    CASE STYLE:

Joshua Glen Maynard,

     Plaintiff

vs.

Case # _____ 15 C 202 _____

Judge: _____ Pan Cake _____

     Defendant(s)

| | Days to Answer | Type of Service |
|---|---|---|
| **Southern Coal Corporation**<br>**CT Corporation System**<br>**5400 D Big Tyler Road**<br>**Charleston, WV 25313**<br>***(Pursuant to W.Va. Code §33-6-31-(d))*** | **30** | **Secretary of State** |

Original and _2_ copies of Complaint furnished herewith.

| PLAINTIFF:   Joshua Glen Maynard<br>DEFENDANT:   Southern Coal Corporation | CASE NUMBER: |
|---|---|
| | |

II.    TYPE OF CASE:

| TORTS | OTHER   CIVIL | |
|---|---|---|
| ☐ Asbestos | ☐ Adoption | ☐ Appeal from Magistrate Court |
| ☐ Professional Malpractice | ☐ Contract | ☐ Petition for Modification of<br>Magistrate Sentence |
| ☐ Personal Injury | ☐ Real Property | ■ Miscellaneous Civil |
| ☐ Product Liability | ☐ Mental Health | ☐ Other |
| ☐ Other Tort | ☐ Appeal of Administrative<br>Agency | ☐ Fraud and Conversion |

III.    JURY DEMAND:        ■ Yes        ☐ No
CASE WILL BE READY FOR TRIAL BY *(MONTH/YEAR)*:    7    /   2016

IV.    DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL
ACCOMMODATIONS DUE TO A DISABILITY OR AGE?    ☐ YES    ■ NO
IF YES, PLEASE SPECIFY:
☐ Wheelchair accessible hearing room and other facilities
☐ Interpreter or other auxiliary aid for the hearing impaired
☐ Reader or other auxiliary aid for the visually impaired
☐ Spokesperson or other auxiliary aid for the speech impaired
☐ Other:    Unknown at this time

*Attorney Name:*   Matthew H. Nelson  (WV State Bar No. 10140)        *Representing:*

*Firm:*        FARMER, CLINE & CAMPBELL, PLLC                ■ *Plaintiffs*

*Address:*      453 Suncrest Towne Centre Drive, Suite 300            ☐ *Defendant*

Morgantown, WV 26505                    ☐ *Cross-Defendant*

*Telephone:*    (304) 225-5990                        ☐ *Cross-Complainant*

*Dated:*                                ☐ *Pro Se*

*Signature:*

IN THE CIRCUIT COURT OF LOGAN COUNTY, WEST VIRGINIA

JOSHUA GLENN MAYNARD,

　　　　　Plaintiff,

v.

Civil Action No.: 15 C 202
Judge: Pam Cake

SOUTHERN COAL CORPORATION,
a foreign corporation,

　　　　　Defendant.

## COMPLAINT

Plaintiff, Joshua Glenn Maynard, by and through counsel, Farmer, Cline & Campbell, PLLC,

for his Complaint, states as follows:

## PARTIES

1.　　Plaintiff, Joshua Glenn Maynard, is a resident of Logan County, West Virginia.

2.　　Defendant, Southern Coal Corporation ("Southern"), is a Delaware corporation with

its principal place of business in Beckley, West Virginia, and, at all times relevant hereto, was doing

business in Logan County, West Virginia.

3.　　Defendant Southern's address for Notice of Process is: CT Corporation System, 5400

D Big Tyler Road, Charleston, West Virginia, 25313.

## VENUE and JURISDICTION

4.　　Pursuant to *West Virginia Code* § 51-2-2, this Court has jurisdiction over the parties

and claims asserted in this action.

5.　　Pursuant to *West Virginia Code* § 56-1-1, Logan County is the appropriate venue for

this action as it is where the cause of action arose.

## FACTS

6.      Plaintiff, Joshua Glenn Maynard, was employed by Southern as a drill operator at one of its mines in Logan County, West Virginia.

7.      During his employment with Southern, Mr. Maynard consistently performed his duties in a satisfactory manner and met the reasonable expectations of Southern.

8.      On July 13, 2013, Mr. Maynard injured his back and shoulder while engaged in his employment with Southern.

9.      On or about July 13, 2013, Mr. Maynard filed a worker's compensation claim for his work-related injuries.

10.     From July 13, 2013 until January 2014, Mr. Maynard was under the care of a physician for the treatment of his injuries, and as part of that care, he was instructed to remain out of work.

11.     On or about January 2, 2014, Mr. Maynard's treating physician released him to return to work; and, upon his return, Mr. Maynard was fired by Defendant Southern.

12.     Mr. Maynard was 32 Years old when Southern wrongfully terminated him.

## COUNT I

### Wrongful Discharge – Workers' Compensation Discrimination
### (West Virginia Code § 23-5a-1, *et seq.*)

13.     Plaintiff, Joshua Glenn Maynard, incorporates the allegations in all preceding paragraphs by reference, as if alleged fully herein.

14.     Defendant's actions in terminating Mr. Maynard, and/or failing to retain, transfer, or otherwise return Mr. Maynard to a comparable position, were motivated, either in whole or in part, by Mr. Maynard's receipt of, or attempt to receive, benefits under the West Virginia Workers'

2

Compensation Act, W.Va. Code § 23-1-1, *et seq.*, and are, therefore, in violation of W.Va. Code § 23-5a-1, *et seq.* Defendant likewise violated W.Va. Code § 23-5a-1, *et seq.* by failing to place Mr. Maynard on a preferential recall list for at least one year following his termination.

15.     As a direct and proximate result of the Defendant's actions, Plaintiff has suffered and will continue to suffer lost wages and benefits in an amount to be determined by the jury.

16.     As a direct and proximate result of the Defendant's actions, Plaintiff is entitled to damages for indignity, embarrassment and humiliation in an amount to be determined by the jury.

17.     Defendant's actions were willful, wanton and/or undertaken with reckless disregard and/or reckless indifference to the rights of the Plaintiff entitling the Plaintiff to punitive damages in an amount to be determined by the jury.

## COUNT II

### Disability Discrimination in Violation of the West Virginia Human Rights Act
### (W.Va. Code 5-11-1, *et seq.*)

18.     Plaintiff, Joshua Glenn Maynard, incorporates the preceding paragraphs of this Complaint, as if fully restated below.

19.     At all times relevant to this Complaint, Plaintiff was a qualified individual with a disability within the meaning of the West Virginia Human Rights Act.

20.     Defendant was aware of Plaintiff's disabilities, including, but not limited to, his work-related back injury.

21.     Alternatively, Defendant regarded Plaintiff as disabled within the meaning of the West Virginia Human Rights Act.

22.     Defendant failed to engage in an interactive process in order to determine whether Plaintiff could perform the essential functions of his position with a reasonable accommodation.

3

23.     Defendant took adverse actions against Plaintiff on the basis of his disability and/or perceived disability, including the adverse actions outlined in the preceding Paragraphs of this Complaint, and culminating in Plaintiff's discharge.

24.     The actions of Defendant were intentional, malicious, and in reckless disregard for Plaintiff's protected rights.

25.     As a direct result of the aforementioned unlawful actions, Plaintiff has suffered loss of pay, physical distress and pain, emotional distress and pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

26.     Plaintiff has also incurred, and will continue to incur, attorney's fees and costs in prosecuting this action.

## COUNT III

### (Intentional Infliction of Emotional Distress)

27.     Plaintiff, Joshua Glenn Maynard, incorporates the preceding paragraphs of this Complaint, as if fully restated below.

28.     The actions of Defendant as alleged above, including and surrounding his discharge, were so extreme and outrageous as to be intolerable in a civilized society.

29.     Defendant's conduct was intentional, and was designed to inflict severe emotional distress upon Plaintiff.

30.     Defendant acted recklessly when it was certain, or substantially certain, that emotional distress would result from its conduct.

31.     Defendant's actions caused Plaintiff to suffer severe emotional distress.

32.     Plaintiff's emotional distress is so severe, that no reasonable person could be expected

4

to endure it.

33.     Defendant's actions caused Plaintiff to suffer severe emotional distress and other damages.

**WHEREFORE,** Plaintiff, Joshua Glenn Maynard, requests that he be awarded judgment against Defendant Southern Coal Corporation, for the following:

(a)     compensatory damages in an amount to be determined by a jury;

(b)     punitive damages, to the extent warranted by the evidence and warranted by law;

(c)     pre-judgment and post-judgment interest as allowed by law;

(d)     attorneys' fees, costs and expenses incurred in connection with this action; and,

(e)     such other and further relief as the Court deems just and appropriate under the circumstances.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

JOSHUA GLENN MAYNARD,

Plaintiff,

By Counsel:

STEPHEN B. FARMER (W.Va. State Bar No. 1165)
MATTHEW H. NELSON (W.Va. State Bar No. 10140)
FARMER CLINE & CAMPBELL, PLLC
453 Suncrest Towne Centre Dr., Suite 300
Morgantown, WV 26505
Phone:  (304) 225-5990
Facsimile:  (304) 225-5980
Mhmnelson@fcclaw.net
Sbfarmer@fcclaw.net

5

IN THE CIRCUIT COURT OF LOGAN COUNTY, WEST VIRGINIA

JOSHUA GLENN MAYNARD,

            —     **Plaintiff,**

v.

SOUTHERN COAL CORPORATION,
a foreign corporation,

                **Defendant.**

                                         **CIVIL ACTION NO.: 15-C-202**
                                         **HONORABLE WILLIAM D. WITTEN**

## PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT

Pursuant to the provisions of Rules 26, 33, and 34 of the *West Virginia Rules of Civil Procedure*, Plaintiff, by counsel, hereby requests that Defendant answer, in writing and under oath, the following Interrogatories and Requests for Production of Documents within forty-five (45) days.

### INSTRUCTIONS

     1.       For the purposes of these discovery requests, Defendant shall be referred to as "you" or "your" unless otherwise identified.

     2.       For the purposes of these discovery requests, "the termination" refers to the termination and/or constructive discharge of Plaintiff by Defendant.

     3.       These discovery requests are continuing in nature so as to require you to file supplemental answers promptly in the event you obtain further information subsequent to the date of your initial responses.

     4.       Each discovery request is to be answered separately and as completely as possible. The fact that an investigation is continuing or that discovery is not complete shall not be used as an excuse for failure to answer each discovery request as fully as possible. The omission of any name, fact, or other item of information from the answer shall be deemed a representation that such name,

fact, or item was not known to you, your counsel, or other representatives at the time of service of your responses to these discovery requests.

5.      Each Interrogatory is to be answered in a narrative form and may not be answered by mere reference to exhibits, attachments, or previous filing, such as "see Answer" or "see Exhibit A."

6.      As used in these discovery requests, the term "document" shall be understood to apply to and shall include without limitation all written, graphic, photographic, electromagnetic or recorded matter, however reproduced or produced, of every kind and description. The term "document" also refers to originals (or copies where originals are unavailable) of any file, correspondence, publication, teletype messages, telexes, notes, or visual or sound recordings of any type of telephone conversations, meetings, conferences, compilations, studies, tabulations, tallies, maps, diagrams, drawings, plans, pictures, movies, computer runs, computer data bases, advertising and promotional material, proposals, reports, notebooks, minutes and records of any type of director meetings, memoranda of all types, inter-office communications, reports, contracts, agreements, ledgers, books of account, vouchers, bank checks, financial statements, working papers, statistical analyses, invoices, purchase orders, notebooks, desk calendars, appointment books, diaries, time sheet logs, abstracts, summaries, and any analyses of the above, and other documents similar to the foregoing, however denominated, whether or not in your personal control or possession.

7.      If you object to all of, or a portion of, a discovery request you should answer as much of the discovery request as is not, in your view, objectionable, and separately state which portion of the discovery request you object to and the grounds for your objection.

8.      If you believe all of, or a portion of, a discovery request calls for privileged information, you should answer as much of the discovery request which does not, in your view, call for privileged information, and separately state which portion of the discovery request you believe

calls for privileged information and the basis of each claimed privilege.

    9.    If you assert that any requested document is privileged, please identify the following:

    a.    The author of the document;

    b.    The addressees of the document;

    c.    The current custodian of the document or, if unknown, the last known custodian of the document;

    d.    The date of the document;

    e.    The subject matter and title of the document;

    f.    The number of pages of the document;

    g.    The identities of the individuals who received or saw copies of the document; and

    h.    The specific grounds on which the privilege has been asserted.

    10.    If any document requested has been lost, destroyed, or is otherwise unavailable for inspection, photocopying, or reproduction, identify the authors, addressees, the last custodian of the document, and the circumstances surrounding the document's loss, destruction, or unavailability. Further, please provide a description of the document if you are able to do so.

    11.    Unless otherwise specified, these discovery requests refer to the time, place and circumstances of the occurrences complained of in the pleadings filed in this case.

    12.    Where knowledge, information, or possession of a document is requested of you, such request includes knowledge, information, or possession of your agents, representatives, and, unless privileged, your counsel.

    13.    Where the name or identity of an individual is requested, please include the individual's full name, residential address and telephone number, business address and telephone

number and, where applicable, the individual's corporate title or position.

## INTERROGATORIES

1.     Identify by name, address and title, the individual(s) providing responses to these interrogatories. If any individual other than the one identified in this Interrogatory provides a response, please so indicate with the appropriate response.

### ANSWER:

2.     Please state each and every reason underlying your decision to terminate Plaintiff's employment.

### ANSWER:

3.     Provide the name, address, telephone number and job title of all persons who supervised Plaintiff during his/her employment with Defendant.

### ANSWER:

4.     Provide the name, address, telephone number and job title of all your employees who worked at the job site where Plaintiff worked during his/her employment.

### ANSWER:

5.     Provide the names and addresses of all members, officers, and/or directors of Defendant.

### ANSWER:

6.     If your decision to terminate Plaintiff was based upon the results, findings, and/or

conclusions of any investigation, please describe that investigation in detail, including the identity

of the individual(s) responsible for the investigation, the identities of each individual who provided

information (including all individuals from whom information was sought) during the investigation,

a detailed description of the information that was provided by each individual, and the results,

findings, and/or conclusions of the investigation.

**ANSWER:**


7.    Please identify all individuals who you have hired since the date of Plaintiff's

termination. Your Answer should include the identity of the individual, along with a description of

the job, task, and/or duty that each individual was hired to perform, and the date the individual was

hired.

**ANSWER:**


8.    Please describe the essential functions of each job task, and/or duty that you identified

in your Answer to the preceding Interrogatory.

**ANSWER:**


9.    Please state Plaintiff's final rate of pay, total gross income for the past five years,

along with the monetary value of all benefits to which Plaintiff was entitled immediately preceding

his/her termination.

**ANSWER:**


10.    Provide the names, job titles, addresses and phone numbers of all persons with

knowledge of all facts relating to the Plaintiff's claims or Defendant's defenses.

**ANSWER:**

11.     Please state all facts upon which you relied in asserting the Affirmative Defenses set

forth in your Answer to Plaintiff's Complaint.

**ANSWER:**

12.     Identify each person whom you expect to call as an expert witness at the trial in this

matter and for each such person identified, state the subject matter in which the expert is expected

to testify, the substance of the facts and opinions to which each expert is expected to testify, and a

summary of the grounds for each opinion.

**ANSWER:**

13.     Provide the style and jurisdiction of all other suits and claims against the Defendant

alleging age discrimination and/or retaliation for engaging in protected activities (including activities

protected by West Virginia public policy and the Mine Safety and Health Act) within the past five

years.

**ANSWER:**

14.     Provide the name of any insurance company providing a defense for the Defendant

and the limits of liability covering any of the claims asserted by the Plaintiff.

**ANSWER:**

15. Please identify the individual, or all of the individuals, who were hired to replace Plaintiff and/or who currently hold the position formerly held by Plaintiff. Your response should include the age of each identified individual.

**ANSWER:**

16. Describe all disciplinary actions of any kind assessed against Plaintiff during his/her employment. Your Answer should include the date of the disciplinary action, the nature of the disciplinary action, the reason the disciplinary action was taken, a description of any investigation performed regarding the disciplinary action, and the results of any investigation.

**ANSWER:**

17. If you contend that Plaintiff was not a satisfactory employee, please state all facts, including the identification of witnesses and documents, upon which you rely in making such a contention.

**ANSWER:**

18. Please state all facts, including the identification of witnesses and documents, upon which you rely in denying any of the allegations contained in Plaintiff's Complaint.

**ANSWER:**

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1. Please produce all records, documents, or items and things of any kind concerning Plaintiff, including, without limitation, copies of Plaintiff's personnel file, performance evaluations, performance and/or other awards/commendations, disciplinary records, records related to

commendations or criticisms by supervisors or other employees, letters of recommendation, memoranda, letters or notices of termination, medical records, and any anecdotal or personal files maintained by any employees or supervisors.

**RESPONSE:**

2.      Please produce copies of any and all job descriptions in effect at any time within the past five years for any position held by Plaintiff.

**RESPONSE:**

3.      Please provide copies of the personnel files for all employees who were hired to replace Plaintiff, along with the personnel files of all employees who were hired to perform jobs, duties, and/or tasks for which Plaintiff was qualified to perform.

**RESPONSE:**

4.      All memoranda, letters, writings, and/or documents of any nature that relate in any way to the decision to lay-off and/or terminate Plaintiff's employment.

**RESPONSE:**

5.      Please produce copies of all employee handbooks, policy manuals, or other such guidelines and/or manuals that have been in effect at any time within the past five years.

**RESPONSE:**

6.    Please produce copies of all records related to Plaintiff's compensation and/or benefits. Your Response should include, but should not be limited to, all payroll records, benefit plan documents, or other similar documents.

**RESPONSE:**

7.    Please produce copies of any policies, procedures, or other documents related to employee discipline and/or termination.

**RESPONSE:**

8.    Please produce copies of any policies, procedures, or other documents related to light duty assignments, reasonable accommodations for injuries and/or disabilities, and/or returning injured employees to work.

**RESPONSE:**

9.    Please produce copies of all attendance records for Plaintiff for the past five years of his/her employment.

**RESPONSE:**

10.    Please produce all documents related in any way to Plaintiff's request for unemployment benefits after the termination of his/her employment.

**RESPONSE:**

11.    Please produce any organizational charts outlining your chain of command or its equivalent.

**RESPONSE:**

12.     Please produce copies of any charts outlining or describing any corporate relationships, between Defendant and its parent, subsidiary, and/or affiliate entities.

**RESPONSE:**

13.     Please produce copies of all financial statements describing the profits, losses, revenue, cash flow, liabilities, assets, and other such financial information for Defendant for the past five years.

**RESPONSE:**

14.     To your knowledge, have any documents, files, or other tangible things, including any electronically or magnetically stored data that relates in any way to Plaintiff's claims been lost, altered, destroyed, and/or removed from your custody or control? If so, please identify, by date, title and detailed description of the contents, all such documents or tangible items that have been destroyed, altered, lost, or removed from your custody or control, and provide a detailed explanation as to how such destruction, alteration, loss, or removal occurred for each such document.

**RESPONSE:**

**JOSHUA GLENN MAYNARD,**

**Plaintiff,**

**By Counsel,**

_____
STEPHEN B. FARMER (W.Va. State Bar No. 1165)
MATTHEW H. NELSON (W.Va. State Bar No. 10140)
FARMER, CLINE & CAMPBELL, PLLC
453 Suncrest Towne Drive, Suite 300
Morgantown, WV 26505
(304) 225-5990

IN THE CIRCUIT COURT OF LOGAN COUNTY, WEST VIRGINIA

JOSHUA GLENN MAYNARD,

       Plaintiff,

v.

SOUTHERN COAL CORPORATION,
a foreign corporation,

       Defendant.

CIVIL ACTION NO.: 15-C-202
HONORABLE WILLIAM D. WITTEN

## PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT

Pursuant to the provisions of Rules 26, 33, and 34 of the *West Virginia Rules of Civil Procedure*, Plaintiff, by counsel, hereby requests that Defendant answer, in writing and under oath, the following Interrogatories and Requests for Production of Documents within forty-five (45) days.

### INSTRUCTIONS

1.    For the purposes of these discovery requests, Defendant shall be referred to as "you" or "your" unless otherwise identified.

2.    For the purposes of these discovery requests, "the termination" refers to the termination and/or constructive discharge of Plaintiff by Defendant.

3.    These discovery requests are continuing in nature so as to require you to file supplemental answers promptly in the event you obtain further information subsequent to the date of your initial responses.

4.    Each discovery request is to be answered separately and as completely as possible. The fact that an investigation is continuing or that discovery is not complete shall not be used as an excuse for failure to answer each discovery request as fully as possible. The omission of any name, fact, or other item of information from the answer shall be deemed a representation that such name,

fact, or item was not known to you, your counsel, or other representatives at the time of service of your responses to these discovery requests.

5.      Each Interrogatory is to be answered in a narrative form and may not be answered by mere reference to exhibits, attachments, or previous filing, such as "see Answer" or "see Exhibit A."

6.      As used in these discovery requests, the term "document" shall be understood to apply to and shall include without limitation all written, graphic, photographic, electromagnetic or recorded matter, however reproduced or produced, of every kind and description.  The term "document" also refers to originals (or copies where originals are unavailable) of any file, correspondence, publication, teletype messages, telexes, notes, or visual or sound recordings of any type of telephone conversations, meetings, conferences, compilations, studies, tabulations, tallies, maps, diagrams, drawings, plans, pictures, movies, computer runs, computer data bases, advertising and promotional material, proposals, reports, notebooks, minutes and records of any type of director meetings, memoranda of all types, inter-office communications, reports, contracts, agreements, ledgers, books of account, vouchers, bank checks, financial statements, working papers, statistical analyses, invoices, purchase orders, notebooks, desk calendars, appointment books, diaries, time sheet logs, abstracts, summaries, and any analyses of the above, and other documents similar to the foregoing, however denominated, whether or not in your personal control or possession.

7.      If you object to all of, or a portion of, a discovery request you should answer as much of the discovery request as is not, in your view, objectionable, and separately state which portion of the discovery request you object to and the grounds for your objection.

8.      If you believe all of, or a portion of, a discovery request calls for privileged information, you should answer as much of the discovery request which does not, in your view, call for privileged information, and separately state which portion of the discovery request you believe

calls for privileged information and the basis of each claimed privilege.

 9. If you assert that any requested document is privileged, please identify the following:

  a. The author of the document;

  b. The addressees of the document;

  c. The current custodian of the document or, if unknown, the last known custodian of the document;

  d. The date of the document;

  e. The subject matter and title of the document;

  f. The number of pages of the document;

  g. The identities of the individuals who received or saw copies of the document; and

  h. The specific grounds on which the privilege has been asserted.

 10. If any document requested has been lost, destroyed, or is otherwise unavailable for inspection, photocopying, or reproduction, identify the authors, addressees, the last custodian of the document, and the circumstances surrounding the document's loss, destruction, or unavailability. Further, please provide a description of the document if you are able to do so.

 11. Unless otherwise specified, these discovery requests refer to the time, place and circumstances of the occurrences complained of in the pleadings filed in this case.

 12. Where knowledge, information, or possession of a document is requested of you, such request includes knowledge, information, or possession of your agents, representatives, and, unless privileged, your counsel.

 13. Where the name or identity of an individual is requested, please include the individual's full name, residential address and telephone number, business address and telephone

number and, where applicable, the individual's corporate title or position.

## INTERROGATORIES

1.   Identify by name, address and title, the individual(s) providing responses to these interrogatories.  If any individual other than the one identified in this Interrogatory provides a response, please so indicate with the appropriate response.

### ANSWER:


2.   Please state each and every reason underlying your decision to terminate Plaintiff's employment.

### ANSWER:


3.   Provide the name, address, telephone number and job title of all persons who supervised Plaintiff during his/her employment with Defendant.

### ANSWER:


4.   Provide the name, address, telephone number and job title of all your employees who worked at the job site where Plaintiff worked during his/her employment.

### ANSWER:


5.   Provide the names and addresses of all members, officers, and/or directors of Defendant.

### ANSWER:


6.   If your decision to terminate Plaintiff was based upon the results, findings, and/or

conclusions of any investigation, please describe that investigation in detail, including the identity of the individual(s) responsible for the investigation, the identities of each individual who provided information (including all individuals from whom information was sought) during the investigation, a detailed description of the information that was provided by each individual, and the results, findings, and/or conclusions of the investigation.

**ANSWER:**

7.      Please identify all individuals who you have hired since the date of Plaintiff's termination.  Your Answer should include the identity of the individual, along with a description of the job, task, and/or duty that each individual was hired to perform, and the date the individual was hired.

**ANSWER:**

8.      Please describe the essential functions of each job task, and/or duty that you identified in your Answer to the preceding Interrogatory.

**ANSWER:**

9.      Please state Plaintiff's final rate of pay, total gross income for the past five years, along with the monetary value of all benefits to which Plaintiff was entitled immediately preceding his/her termination.

**ANSWER:**

10.     Provide the names, job titles, addresses and phone numbers of all persons with knowledge of all facts relating to the Plaintiff's claims or Defendant's defenses.

**ANSWER:**

11.     Please state all facts upon which you relied in asserting the Affirmative Defenses set forth in your Answer to Plaintiff's Complaint.

**ANSWER:**

12.     Identify each person whom you expect to call as an expert witness at the trial in this matter and for each such person identified, state the subject matter in which the expert is expected to testify, the substance of the facts and opinions to which each expert is expected to testify, and a summary of the grounds for each opinion.

**ANSWER:**

13.     Provide the style and jurisdiction of all other suits and claims against the Defendant alleging age discrimination and/or retaliation for engaging in protected activities (including activities protected by West Virginia public policy and the Mine Safety and Health Act) within the past five years.

**ANSWER:**

14.     Provide the name of any insurance company providing a defense for the Defendant and the limits of liability covering any of the claims asserted by the Plaintiff.

**ANSWER:**

15.    Please identify the individual, or all of the individuals, who were hired to replace Plaintiff and/or who currently hold the position formerly held by Plaintiff.  Your response should include the age of each identified individual.

**ANSWER:**

16.    Describe all disciplinary actions of any kind assessed against Plaintiff during his/her employment.  Your Answer should include the date of the disciplinary action, the nature of the disciplinary action, the reason the disciplinary action was taken, a description of any investigation performed regarding the disciplinary action, and the results of any investigation.

**ANSWER:**

17.    If you contend that Plaintiff was not a satisfactory employee, please state all facts, including the identification of witnesses and documents, upon which you rely in making such a contention.

**ANSWER:**

18.    Please state all facts, including the identification of witnesses and documents, upon which you rely in denying any of the allegations contained in Plaintiff's Complaint.

**ANSWER:**

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.    Please produce all records, documents, or items and things of any kind concerning Plaintiff, including, without limitation, copies of Plaintiff's personnel file, performance evaluations, performance and/or other awards/commendations, disciplinary records, records related to

commendations or criticisms by supervisors or other employees, letters of recommendation, memoranda, letters or notices of termination, medical records, and any anecdotal or personal files maintained by any employees or supervisors.

     **RESPONSE:**

2.     Please produce copies of any and all job descriptions in effect at any time within the past five years for any position held by Plaintiff.

     **RESPONSE:**

3.     Please provide copies of the personnel files for all employees who were hired to replace Plaintiff, along with the personnel files of all employees who were hired to perform jobs, duties, and/or tasks for which Plaintiff was qualified to perform.

     **RESPONSE:**

4.     All memoranda, letters, writings, and/or documents of any nature that relate in any way to the decision to lay-off and/or terminate Plaintiff's employment.

     **RESPONSE:**

5.     Please produce copies of all employee handbooks, policy manuals, or other such guidelines and/or manuals that have been in effect at any time within the past five years.

     **RESPONSE:**

6. Please produce copies of all records related to Plaintiff's compensation and/or benefits. Your Response should include, but should not be limited to, all payroll records, benefit plan documents, or other similar documents.

**RESPONSE:**

7. Please produce copies of any policies, procedures, or other documents related to employee discipline and/or termination.

**RESPONSE:**

8. Please produce copies of any policies, procedures, or other documents related to light duty assignments, reasonable accommodations for injuries and/or disabilities, and/or returning injured employees to work.

**RESPONSE:**

9. Please produce copies of all attendance records for Plaintiff for the past five years of his/her employment.

**RESPONSE:**

10. Please produce all documents related in any way to Plaintiff's request for unemployment benefits after the termination of his/her employment.

**RESPONSE:**

11. Please produce any organizational charts outlining your chain of command or its equivalent.

**RESPONSE:**

12.    Please produce copies of any charts outlining or describing any corporate relationships between Defendant and its parent, subsidiary, and/or affiliate entities.

      **RESPONSE:**

13.    Please produce copies of all financial statements describing the profits, losses, revenue, cash flow, liabilities, assets, and other such financial information for Defendant for the past five years.

      **RESPONSE:**

14.    To your knowledge, have any documents, files, or other tangible things, including any electronically or magnetically stored data that relates in any way to Plaintiff's claims been lost, altered, destroyed, and/or removed from your custody or control? If so, please identify, by date, title and detailed description of the contents, all such documents or tangible items that have been destroyed, altered, lost, or removed from your custody or control, and provide a detailed explanation as to how such destruction, alteration, loss, or removal occurred for each such document.

      **RESPONSE:**

JOSHUA GLENN MAYNARD,

Plaintiff,

By Counsel,

_____

STEPHEN B. FARMER (W.Va. State Bar No. 1165)
MATTHEW H. NELSON (W.Va. State Bar No. 10140)
FARMER, CLINE & CAMPBELL, PLLC
453 Suncrest Towne Drive, Suite 300
Morgantown, WV 26505
(304) 225-5990